# EXHIBIT B

# AFFIDAVIT OF CHRISTOPHER R. GUINN

STATE OF ILLINOIS      )
                               )
COUNTY OF ST. CLAIR   )

CHRISTOPHER R. GUINN, being duly sworn, upon his (her) oath deposes and says:

1. I am over the age of twenty-one (21) years and am competent to make this affidavit. The statements contained herein are based on my personal knowledge and are true and correct.

2. I am an attorney with the law firm of Simmons Hanly Conroy ("SHC"). I have been representing asbestos/mesothelioma victims since 2004.

3. On May 5, 2021 my firm was served with notice of a subpoena to the Delaware Claims Processing Facility[1] on behalf of clients my firm represent(s/ed) who asserted mesothelioma claims against Bestwall or the former Georgia-Pacific LLC that were resolved by settlement or verdict whose nine-digit social security Number and last name appeared in the Trusts' databases injured party datafields or related claimant datafields ("Matching Claimants").

4. None of the Matching Claimants, defined above by way of the March 24 Order, were served with notice of the subpoena.

5. The April 1, 2021 subpoena seeks the information described in an attached March 24, 2021 Order Granting Debtor's Motion for Bankruptcy Rule 2004 Examination of Asbestos Trusts and Governing Confidentiality of Information Provided in Response ("March 24 Order"). Pursuant to the March 24 Order, the subpoena seeks the following information:

    a.    Full name of injured party;
    b.    Injured party SSN;
    c.    Gender of injured party;
    d.    Date of birth of injured party;
    e.    Date of death of injured party;
    f.    State of residency of injured party;

---

[1] The asbestos personal injury trusts whose claims are handled by the Delaware Claims Processing Facility are: (1) Armstrong World Industries Asbestos Personal Injury Settlement Trust, (2) Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust, (3) Celotex Asbestos Settlement Trust, (4) DII Industries, LLC Asbestos Trust, (5) Federal Mogul U.S. Asbestos Personal Injury Trust, (6) Flintkote Asbestos Trust, (7) Owens Corning Fibreboard Asbestos Personal Injury Trust, (8) Pittsburgh Corning Corporation Asbestos PI Trust, (9) United States Gypsum Asbestos Personal Injury Settlement Trust, and (10) WRG Asbestos PI Trust.

g.      Date of diagnosis of injured party;

h.      Claimed disease and disease body site (if available);

i.      Full name of any claimant who is not the injured party and his or her SSN;

j.      Claimant's law firm (with email address of contact person), jurisdiction of tort claim filing, and date of tort claim filing;

k.      Date claim filed against Trust;

l.      Date claim approved by Trust, if approved;

m.      Date claim paid by Trust, if paid;

n.      If not approved or paid, status of claim;

o.      All exposure-related fields, including:

       i.      Date(s) exposure(s) began;

       ii.      Date(s) exposure(s) ended;

       iii.      Manner of exposure;

       iv.      Occupation and industry when exposed; and

       v.      Products to which exposed;

p.      Mode of review selected; and

q.      Mode of review under which claim was approved and paid.

6.      In accordance with the March 24 Order's defined process, my firm communicated an intent to file a motion to quash the subpoena to this discovery on behalf of my clients.

7.      Pursuant to the March 24 Order's defined process, I am joining in filing a motion to quash the subpoena.

8.      I am aware that Bestwall's subpoena to the Delaware Claims Processing Facility seeks personal identification information and confidential settlement communications of up to 15,000 individuals with mesothelioma claims.

9.      I am aware that numerous SHC clients fall within the March 24 Order's Matching Claimant definition and whose personal identification information and confidential settlement communications are being sought by Bestwall's subpoena.

10.      It would be impractical to contact every client falling within the March 24 Order's Matching Claimant definition. SHC attorneys have had the ability to speak with two of our clients[2] who have expressed concerns regarding the disclosure of personal identification information and confidential settlement communications.

11.      The other movant law firms in this case have also communicated an intent to file a motion to quash the subpoena on behalf of their clients and also join in the motion to quash on behalf of their clients.

---

[2] In accordance with the March 24 Order's prohibition of disclosure of or offering as evidence any data from or derived from the Trusts' data being offered as evidence, placed on the public record, or filed with any court (including under seal), I have not named or otherwise identified my client(s).

12. The foregoing statements in this Affidavit are true and correct to the best of my knowledge and belief.

Further Affiant sayeth not.

*[signature]*

SUBSCRIBED AND SWORN TO before me on this 24 day of May, 2021.

"OFFICIAL SEAL"
BONNIE K. SCHAD
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT. 4, 2021

*[signature]* B— K. Schad
Notary Public In and For

The State of Illinois

My Commission Expires: 10/04/2021

3

# AFFIDAVIT OF MATTHEW E. KIELY

STATE OF MARYLAND       )
                                )
COUNTY OF ANNE ARUNDEL   )

       Matthew E. Kiely, being duly sworn, upon his oath deposes and says:

1.    I am over the age of twenty-one (21) years and am competent to make this affidavit. The statements contained herein are based on my personal knowledge and are true and correct.

2.    I am an attorney with the law firm of Brown Kiely LLP. I have been representing asbestos/mesothelioma victims since 2000.

3.    On April 29, 2021, my firm was served with notice of a subpoena to the Delaware Claims Processing Facility[1] on behalf of clients my firm represent(s/ed) who asserted mesothelioma claims against Bestwall or the former Georgia-Pacific LLC that were resolved by settlement or verdict whose nine-digit social security Number and last name appeared in the Trusts' databases injured party datafields or related claimant datafields ("Matching Claimants").

4.    It is my understanding that that none of the Matching Claimants, defined above by way of the March 24 Order, were served with notice of the subpoena.

5.    The April 1, 2021 subpoena seeks the information described in an attached March 24, 2021 Order Granting Debtor's Motion for Bankruptcy Rule 2004 Examination of Asbestos Trusts and Governing Confidentiality of Information Provided in Response ("March 24 Order"). Pursuant to the March 24 Order, the subpoena seeks the following information:

       a.    Full name of injured party;
       b.    Injured party SSN;
       c.    Gender of injured party;
       d.    Date of birth of injured party;
       e.    Date of death of injured party;
       f.    State of residency of injured party;
       g.    Date of diagnosis of injured party;
       h.    Claimed disease and disease body site (if available);
       i.    Full name of any claimant who is not the injured party and his or her SSN;
       j.    Claimant's law firm (with email address of contact person), jurisdiction of tort claim filing, and date of tort claim filing;
       k.    Date claim filed against Trust;
       l.    Date claim approved by Trust, if approved;
       m.    Date claim paid by Trust, if paid;

---

[1] The asbestos personal injury trusts whose claims are handled by the Delaware Claims Processing Facility are: (1) Armstrong World Industries Asbestos Personal Injury Settlement Trust, (2) Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust, (3) Celotex Asbestos Settlement Trust, (4) DII Industries, LLC Asbestos Trust, (5) Federal Mogul U.S. Asbestos Personal Injury Trust, (6) Flintkote Asbestos Trust, (7) Owens Corning Fibreboard Asbestos Personal Injury Trust, (8) Pittsburgh Corning Corporation Asbestos PI Trust, (9) United States Gypsum Asbestos Personal Injury Settlement Trust, and (10) WRG Asbestos PI Trust.

n.   If not approved or paid, status of claim;
o.   All exposure-related fields, including:
    i.   Date(s) exposure(s) began;
    ii.   Date(s) exposure(s) ended;
    iii.   Manner of exposure;
    iv.   Occupation and industry when exposed; and
    v.   Products to which exposed;
p.   Mode of review selected; and
q.   Mode of review under which claim was approved and paid.

6.   In accordance with the March 24 Order's defined process, my firm communicated an intent to file a motion to quash the subpoena to this discovery on behalf of my clients.

7.   Pursuant to the March 24 Order's defined process, I am joining in filing a motion to quash the subpoena.

8.   I am aware that Bestwall's subpoena to the Delaware Claims Processing Facility seeks personal identification information and confidential settlement communications of up to 15,000 individuals with mesothelioma claims.

9.   I am aware that numerous clients of mine fall within the March 24 Order's Matching Claimant definition and whose personal identification information and confidential settlement communications are being sought by Bestwall's subpoena.

10.   My office has spoken with my clients that are Delaware residents and they do not want to have the information listed in paragraph 5 released.

11.   The other movant law firms in this case have also communicated an intent to file a motion to quash the subpoena on behalf of their clients and also join in the motion to quash on behalf of their clients.

12.   The foregoing statements in this Affidavit are true and correct to the best of my knowledge and belief.

Further Affiant sayeth not.

SUBSCRIBED AND SWORN TO before me on this _2 4th_ day of May, 2021.

Notary Public In and For
The State of Maryland

My Commission Expires: 8·24·2021

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

IN RE:                )    Misc. No. 21–mc–0141–CFC

                      )

BESTWALL, LLC,        )    Underlying    Case:    17-BK-31795

                      )    (U.S. Bankr. W.D.N.C.)

         Debtor.       )

## AFFIDAVIT OF JONATHAN RUCKDESCHEL

I, Jonathan Ruckdeschel, being duly sworn, depose and say:

1.      I am over the age of twenty-one (21) years and am competent to make this affidavit. The statements contained herein are based on my personal knowledge and are true and correct to the best of my knowledge, information and belief.

2.      I am an attorney with The Ruckdeschel Law Firm, LLC. I have been representing asbestos/mesothelioma victims since 2000.

3.      On or about April 29, 2021 my firm received notice of a subpoena to the Delaware Claims Processing Facility[1] on behalf of clients and/or former clients my firm represent(s/ed) who asserted mesothelioma claims against Georgia-Pacific LLC (as it existed at the time of their claims) that were resolved by settlement or verdict whose nine-digit social security Number and last name appeared in the Trusts' databases injured party datafields or related claimant datafields ("Matching Claimants"). I am also aware that various law firms with whom I was co-counsel in connection with other similarly situated clients received notice of such subpoenas regarding those clients.

4.      A number of my clients and/or former clients whose information is subject to the subpoena are residents of the state of Delaware. I submit this Affidavit on behalf of my clients/former clients who are residents of the state of Delaware.

5.      I have no information or reason to believe that any of the Matching Claimants, defined above by way of the March 24 Order, were individually served with any notice of the subpoena. Many of these clients' cases have been completed and have no active litigation or other ongoing activity.

---

[1] The asbestos personal injury trusts whose claims are handled by the Delaware Claims Processing Facility are: (1) Armstrong World Industries Asbestos Personal Injury Settlement Trust, (2) Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust, (3) Celotex Asbestos Settlement Trust, (4) DII Industries, LLC Asbestos Trust, (5) Federal Mogul U.S. Asbestos Personal Injury Trust, (6) Flintkote Asbestos Trust, (7) Owens Corning Fibreboard Asbestos Personal Injury Trust, (8) Pittsburgh Corning Corporation Asbestos PI Trust, (9) United States Gypsum Asbestos Personal Injury Settlement Trust, and (10) WRG Asbestos PI Trust.

6.	The April 1, 2021 subpoena seeks the information described in an attached March 24, 2021 Order Granting Debtor's Motion for Bankruptcy Rule 2004 Examination of Asbestos Trusts and Governing Confidentiality of Information Provided in Response ("March 24 Order"). Pursuant to the March 24 Order, the subpoena seeks the following information:

a.	Full name of injured party;
b.	Injured party SSN;
c.	Gender of injured party;
d.	Date of birth of injured party;
e.	Date of death of injured party;
f.	State of residency of injured party;
g.	Date of diagnosis of injured party;
h.	Claimed disease and disease body site (if available);
i.	Full name of any claimant who is not the injured party and his or her SSN;
j.	Claimant's law firm (with email address of contact person), jurisdiction of tort claim filing, and date of tort claim filing;
k.	Date claim filed against Trust;
l.	Date claim approved by Trust, if approved;
m.	Date claim paid by Trust, if paid;
n.	If not approved or paid, status of claim;
o.	All exposure-related fields, including:
   i.	Date(s) exposure(s) began;
   ii.	Date(s) exposure(s) ended;
   iii.	Manner of exposure;
   iv.	Occupation and industry when exposed; and
   v.	Products to which exposed;
p.	Mode of review selected; and
q.	Mode of review under which claim was approved and paid.

7.	In accordance with the March 24 Order's defined process, my firm communicated, through co-counsel, an intent to file a motion to quash the subpoena to this discovery on behalf of the clients for whom we are filing this Motion to Quash and on whose behalf I submit this Affidavit.

8.	Pursuant to the March 24 Order's defined process, I am joining in filing a motion to quash the subpoena.

9.	I am aware that Bestwall's subpoena to the Delaware Claims Processing Facility seeks personal identification information and confidential settlement communications of up to 15,000 individuals with mesothelioma claims.

10.	As set forth above, in addition to the clients for whom I received notice, I am aware that additional clients or former clients of mine fall within the March 24 Order's Matching Claimant definition and whose personal identification information and confidential settlement communications are being sought by Bestwall's subpoena.

11. I have had the ability to speak with a number of my clients who are Delaware residents and whose information is subject to the subpoena.[2] These clients object to the subpoena and the demand that information about them and their cases being disclosed pursuant to the subpoena.

12. The other movant law firms in this case have also communicated an intent to file a motion to quash the subpoena on behalf of their clients or former clients and also join in the motion to quash on behalf of their clients.

I affirm under penalties of perjury that I have reviewed the contents of the foregoing Affidavit and that they are true to the best of my knowledge, information and belief.

Jonathan Ruckdeschel

SUBSCRIBED AND SWORN TO before me on this $\mathcal{24}$ day of May, 2021.

Notary Public In and For
The State of Maryland

My Commission Expires: 8/24/24

Erin Scott
NOTARY PUBLIC
HARFORD COUNTY
MARYLAND
MY COMMISSION EXPIRES August 24, 2024

---

[2] In accordance with the March 24 Order's prohibition of disclosure of or offering as evidence any data from or derived from the Trusts' data being offered as evidence, placed on the public record, or filed with any court (including under seal), I have not named or otherwise identified my client(s).

3