**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Misc. No. 21-141-CFC |
| | ) | |
| BESTWALL, LLC, | ) | Underlying Case No. 17-BK-31795 |
| | ) | (LTB) |
| Debtor. | ) | (U.S. Bankruptcy Court for the |
| | ) | Western District of North Carolina) |

**THIRD PARTY TRUSTS' REQUEST FOR CLARIFICATION
AND FOR EXPEDITED TREATMENT**

The ten asbestos settlement trusts identified below[1] (the "Trusts"), by and through their undersigned counsel, respectfully request a clarification of the Court's June 1, 2021 Order granting the Trusts' Motion to Quash but authorizing Bestwall LLC ("Bestwall") to "seek[] a narrower document production consistent with the protections afforded by the DE Bankruptcy Court's prior *Access Decision*" (the "Request"). In support of the Request, the Trusts submit as follows:

---

[1] The ten trusts are:
- The Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust;
- The Celotex Asbestos Settlement Trust;
- The DII Industries, LLC Asbestos PI Trust;
- The Flintkote Asbestos Trust;
- The Pittsburgh Corning Corporation Personal Injury Settlement Trust;
- The WRG Asbestos PI Trust;
- The Federal-Mogul Asbestos Personal Injury Trust;
- The Babcock & Wilcox Company Asbestos PI Trust;
- The United States Gypsum Asbestos Personal Injury Settlement Trust; and
- The Owens Corning / Fibreboard Asbestos Personal Injury Trust.

## BACKGROUND

1.      On June 1, 2021, the Court entered an Order granting the Trusts' Motion to Quash subpoenas served upon them and the Delaware Claims Processing Facility ("DCPF") by Bestwall (the "Order"). The Court granted the Motion to Quash "without prejudice to Bestwall's right to seek reissuance of subpoenas seeking a narrower document production consistent with the protections afforded by the DE Bankruptcy Court's prior Access Decision." Order ¶2 (D.I. 30); Mem. Op. 2 (D.I. 29) (same). In a teleconference with the parties that same day, the Court directed the parties to work together to set the appropriate parameters for the revised subpoenas.

2.      On June 7, 2021, counsel for the Trusts and Bestwall (along with counsel for Trust Claimants that joined in the Motion to Quash) held a meet and confer regarding implementation of the Order.

3.      During the meet and confer, counsel for the Trusts informed Bestwall that, consistent with the language of the Order and Memorandum Opinion, any revised subpoena must (i) limit the production of Trust Claimants' data to a random sample of no more that 10% of the 15,000 mesothelioma victims at issue; (ii) authorize the DCPF, or a neutral third party, to anonymize the data before producing it; and (iii) include other protections consistent with the *Access Decision.* Counsel for the Trust Claimants in attendance agreed with the Trusts' position.

2

4.   Counsel for Bestwall disagreed, asserting the Court's decision established that Bestwall need not narrow its request via sampling, nor permit a neutral third party or DCPF to anonymize the data before producing it.  Bestwall argued that the Court's decision requires only that it implement some of the additional protections specifically granted in the *Access Decision*.

5.   The meet and confer adjourned without a consensus on implementation of the Order.

6.   The following day, the Trusts provided Bestwall (and counsel for the Trust Claimants) with a non-exhaustive list of the reasons why the Order requires any revised subpoena to include sampling and pre-production anonymization by a neutral third party or the DCPF, in addition to other protections consistent with the *Access Decision*.  The Trusts also informed Bestwall that, if revised subpoenas are issued that do not comply with the Order, the Trusts would be compelled to file a second motion to quash (consistent with their fiduciary duties to take reasonable and necessary steps to protect Trust Claimant data).

7.   Bestwall did not respond to the Trusts' June 8 correspondence.

8.   On June 9, 2021, Bestwall provided the Trusts with its unilaterally-drafted proposed revisions to the subpoenas.  Bestwall's proposed revised subpoenas do not narrow the scope of the production in any way, nor do they allow for pre-

production anonymization by a neutral third party or DCPF.  *See* Ex. A (Proposed Amended Trust Order).

9.      That same day, rather than seek comment from the Trusts or clarification from this Court, Bestwall immediately filed an "emergency" motion in the Bankruptcy Court seeking authorization for Bestwall to serve the subpoenas it had unilaterally revised.  *See* Debtor's Emergency Motion to Amend Trust Order, Authorize Issuance and Service of Modified Subpoenas, and Appoint Independent Facilitator (D.I. 1819), *In re Bestwall LLC*, No. 17-31795 (Bankr. W.D.N.C.).  The Trusts understand that a June 23, 2021 hearing on Bestwall's motion has tentatively been set.

## **ARGUMENT**

10.     Clarification is needed because of the parties' competing interpretations of the Order's practical implications and to avoid further unnecessary litigation stemming from Bestwall's emergency motion to reauthorize the subpoenas.  A motion to clarify is proper when the relief will explain or clarify "something ambiguous or vague." *Tq Delta, LLC v. Adtran, Inc.*, 2019 WL 9406455, at *1 (D. Del. Oct. 3, 2019) (citation omitted).  While the Trusts believe the language of the Order is clear, the Trusts are nevertheless compelled to seek clarification because Bestwall *has refused to narrow its requested document production in any way*. Bestwall's claim that the Order effectively entitles it to seek the exact same scope of

data it did before the Court entered the Order makes clarification proper. *Mukasa v. Balick & Balick*, 2002 WL 31230813, at *1 (D. Del. Sept. 26, 2002) (clarifying motion to dismiss decision).

11.    Clarification also is warranted in order to avoid further needless litigation. If the Bankruptcy Court authorizes the revised subpoenas at the June 23, 2021 hearing, the Trusts will be compelled to file a second motion to quash in this district pursuant to their fiduciary duties. Had Bestwall not unilaterally decided to seek reauthorization of the subpoenas in the Bankruptcy Court rather than clarification from this Court (or further discussion with the Trusts), we could have avoided the possibility of burdening this Court with another motion to quash. Clarification before the Bankruptcy Court issues its ruling will therefore promote judicial economy.

12.    As for the language of the Order, this Court was clear – any revised subpoena must seek a *narrower* production of Trust Claimant data through sampling and pre-production anonymization, *as well as* provide for additional protections consistent with the *Access Decision*. Bestwall's claim to the contrary ignores the plain language of the Court's decision, and is inconsistent with the relief sought in the Trust's Motion to Quash – which this Court granted.

13.    Specifically, Bestwall's position would render the "narrower document production" language of the Order meaningless. Order ¶2; Mem. Op. 2. Bestwall

contends the June 1 decision only requires the implementation of some, but not all, of the protections provided for in the *Access Decision* that were not already provided in the original subpoenas.  This contention, however, misconstrues the *Access Decision.*  The protections provided in the *Access Decision* did not *narrow* the scope of the data sought.  Rather, they provided *limitations* on the moving parties' *use* of the data and ability to retain and disclose that data.  560 B.R. 229, 237 (Bankr. D. Del. 2016).  Bestwall's proposed revised subpoenas do not narrow the sought production in any way.  Rather, they only add a few non-narrowing protections that were the subject of the *Access Decision* (e.g., appointment of a "facilitator," providing for redaction of the first six digits of claimant social security numbers, changing the destruction deadline from 90 to 30 days after plan confirmation (with no set time limit after production, like the *Access Decision*), and requiring all individuals who access the data to certify compliance with use, confidentiality, and destruction provisions).  *See* Ex. A ¶¶4, 6, 8-14.

14.    The fact that Bestwall is claiming that these changes "narrow" the production is telling.  And its action seeking "emergency" relief on this issue from the Bankruptcy Court in North Carolina, rather than seeking clarification or other relief from this Court, is also telling.  Above all, Bestwall's decision to be the arbiter of what complies with the Order and to seek another court's validation of that determination after engaging in only limited discussions with the Trusts and Trust

6

Claimants flies in the face of this Court's authority, decision, and directive that the parties work together to set the parameters for any revised subpoena.

15.    Contrary to the position Bestwall took in the June 7 meet and confer on this issue, the Order also did not determine Bestwall was entitled to effectively unfettered access to *all* the Trust Claimant data it sought. This is underscored by the Court's Memorandum Opinion describing the scope of personal data Bestwall sought as "sweeping." Mem. Op. 13. The Memorandum Opinion stated only that Bestwall "ha[d] demonstrated a legitimate purpose in requesting the Claimant data . . . ." *Id.* at 16. These statements do not support Bestwall's claim that it is entitled to all the data it seeks. Bestwall's position is incongruous with the Court's decision to grant the Motion to Quash and express order that Bestwall reissue the "sweeping" subpoenas to seek a "narrower document production." Order ¶2.

16.    Bestwall's revised subpoenas also would not actually anonymize any Trust Claimant data. Instead, Bestwall proposes using a third-party facilitator to hold some Trust Claimant identifying information together with a unique identifier – *assigned by Bestwall* – that Bestwall (and its liability consultant, Bates Whites, LLC) could use as a key to match each Trust Claimant (and their identifying and confidential information) to that identifier. Bestwall would therefore have access to all information produced about all of the Trust Claimants, each of whom it could

7

identify.    This is not anonymization, and this purported concession offers no additional protection to Trust Claimants.

17.    The Trusts understand that the Bankruptcy Court will likely hold a hearing on Bestwall's emergency motion to reauthorize the subpoenas on June 23, 2021 at 9:30 a.m.  In order to avoid the possibility of the Bankruptcy Court issuing a decision contrary to the Order and the Trusts being compelled to file another motion to quash, the Trusts respectfully ask that this Court address this Request for Clarification on an expedited basis and before June 23, 2021.  In keeping with this request, the Trusts propose the following abbreviated briefing schedule: (i) Bestwall's response to this Request is due on or before June 18, 2021 and (ii) the Trusts' reply is due on or before June 21.

## CONCLUSION

For the reasons stated above, the Trusts respectfully request the Court clarify its June 1, 2021 Order and Bestwall's right to "seek[] a narrower document production consistent with the protections afforded by the DE Bankruptcy Court's prior *Access Decision.*"

Dated:     June 16, 2021

*/s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (DE No. 2900)
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
moskowb@ballardspahr.com

*Armstrong World Industries, Inc. Asbestos Personal Injury Settlement Trust; Celotex Asbestos Settlement Trust; DII Industries, LLC, Asbestos PI Trust; Flintkote Asbestos Trust; Pittsburgh Corning Corporation Personal Injury Settlement Trust; WRG Asbestos PI Trust; Federal-Mogul Asbestos Personal Injury Trust; Babcock & Wilcox Company Asbestos PI Trust; United States Gypsum Asbestos Personal Injury Settlement Trust; and Owens Corning / Fibreboard Asbestos Personal Injury Trust*

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that this request is in 14-point Times New Roman font and that it contains 1,698 words as determined by Microsoft Word, excluding the case caption, signature block, and this certificate.

Dated:       June 16, 2021            */s/ Beth Moskow-Schnoll*
Beth Moskow-Schnoll (No. 2900)
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Tel: (302) 252-4447
moskowb@ballardspahr.com

*Armstrong World Industries, Inc.
Asbestos Personal Injury Settlement
Trust; Celotex Asbestos Settlement
Trust; DII Industries, LLC, Asbestos PI
Trust; Flintkote Asbestos Trust;
Pittsburgh Corning Corporation
Personal Injury Settlement Trust; WRG
Asbestos PI Trust; Federal-Mogul
Asbestos Personal Injury Trust;
Babcock & Wilcox Company Asbestos
PI Trust; United States Gypsum
Asbestos Personal Injury Settlement
Trust; and Owens Corning /
Fibreboard Asbestos Personal Injury
Trust*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Misc. No. 21-141-CFC |
| | ) | |
| BESTWALL LLC, | ) | Underlying Case No. 17-BK-31795 |
| | ) | (LTB) |
| Debtor. | ) | (U.S. Bankruptcy Court for the |
| | ) | Western District of North Carolina) |

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1

I, Beth Moskow-Schnoll, hereby certify pursuant to Local Rule 7.1.1 that a reasonable effort has been made to reach an agreement with Bestwall LLC ("Bestwall") on the matters set forth in Third Party Trusts' Request for Clarification and Expedited Treatment (the "Request"). An agreement was not reached, and Bestwall has indicated it will oppose the Request.

Dated:      June 16, 2021           */s/ Beth Moskow-Schnoll*
                                    Beth Moskow-Schnoll (No. 2900)
                                    Ballard Spahr LLP
                                    919 N. Market Street, 11th Floor
                                    Wilmington, DE 19801
                                    Tel: (302) 252-4447
                                    moskowb@ballardspahr.com

                                    *Armstrong World Industries, Inc.*
                                    *Asbestos Personal Injury Settlement*
                                    *Trust; Celotex Asbestos Settlement*
                                    *Trust; DII Industries, LLC, Asbestos PI*
                                    *Trust; Flintkote Asbestos Trust;*
                                    *Pittsburgh Corning Corporation*
                                    *Personal Injury Settlement Trust; WRG*
                                    *Asbestos PI Trust; Federal-Mogul*
                                    *Asbestos Personal Injury Trust;*
                                    *Babcock & Wilcox Company Asbestos*
                                    *PI Trust; United States Gypsum*
                                    *Asbestos Personal Injury Settlement*
                                    *Trust; and Owens Corning /*
                                    *Fibreboard Asbestos Personal Injury*
                                    *Trust*

2